United States District Court
Southern District of Texas

**ENTERED**

December 29, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| SAI DARSHAN CORP. d/b/a AMERICA'S BEST VALUE INN, ARVINDBHAI N. PATEL, VANTAGE HOSPITALITY GROUP, INC., ANDRE DOYLE, JOSEPH TIPPINS, SHERREKA TIPPINS, ANGELA TIPPINS, THOMIKA ANDREWS, RHONAI SIMMONS, and PAMELA KENNEDY, Individually and a/n/f of J.T. and J.T., | § § § § § § § § § § § | CIVIL ACTION NO. H-16-1446 |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Atain Specialty Insurance Company ("Atain"), brings this action against defendants, Sai Darshan Corp. ("Sai Darshan"), doing business as America's Best Value Inn, Arvindbhai N. Patel ("Patel"), Vantage Hospitality Group, Inc. ("Vantage"), Andre Doyle, Joseph Tippins, Sherreka Tippins, Angela Tippins, Thomika Andrews, Rhonai Simmons, and Pamela Kennedy, individually and as next friend of J.T. and J.T. ("the Individual Defendants"), seeking a declaration pursuant to 28 U.S.C. § 2201 and § 2202 and Chapter 37 of the Texas Civil Practice & Remedies Code that coverage does not exist under Policy No. CIP183811 ("the Policy") issued to America's Best Value Inn/Sai Darshan for claims asserted

in a state court lawsuit styled <u>Andre Doyle, Joseph Tippins,</u>
<u>Sherreka Tippins, Angela Tippins, Thomika Andrews, Rhonai Simmons,</u>
<u>Pamela Kennedy, Individually and a/n/f of J.T. and J.T. v. Vantage</u>
<u>Hospitality Group, Inc., Sai Darshan Corp. d/b/a America's Best</u>
<u>Value Inn, and Arvindbhai Patel</u>, filed in the 61st Judicial
District Court of Harris County, Texas, Cause No. 2016-29571
("Underlying Lawsuit").[1]   Pending before the court is Atain
Specialty Insurance Company's Motion for Summary Judgment ("Atain's
MSJ") (Docket Entry No. 25), and Defendant Vantage Hospitality
Group, Inc.'s Partial Motion for Summary Judgment on Plaintiff's
Duty to Defend ("Vantage's MPSJ") (Docket Entry No. 31).   For the
reasons explained below, Atain's motion will be granted and
Vantage's motion will be denied as moot.

## I.   <u>Undisputed Facts and Procedural Background</u>

Atain issued the Policy to America's Best Value Inn and Sai
Darshan as named insureds.   The policy period was from 12/26/2013
to 12/26/2014.[2]   The grant of coverage was as follows:

1.   Insuring Agreement

a.  We will pay those sums that the insured becomes
legally obligated to pay as damages because of

---

[1] Plaintiffs' Original Petition ("Original Petition"),
Exhibit B to Atain Specialty Insurance Company's Original Complaint
Seeking Declaratory and Other Relief ("Original Complaint"), Docket
Entry No. 1-2.

[2] The Policy, Exhibit A to Original Complaint, Docket Entry
No. 1-1, pp. 1, 5.   Page citations throughout this document are to
the pagination imprinted by the federal court's electronic filing
system at the top and right of the document.

"bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

> (1) The amount we will pay for damages is limited as described in Section III—Limits Of Insurance; and

> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.[3]

The Policy contains a Combined Coverage and Exclusion Endorsement which in pertinent part provides:

## IX. ASSAULT AND BATTERY EXCLUSION

This insurance does not apply to "bodily injury" or "property damage," in whole or in part, either directly or indirectly, or in any way arising out of any of the following:

1.   Assault and Battery committed by any Insured, any employee of any Insured or any other person;

2.   The failure to suppress or prevent Assault and Battery by any person in 1[,] above;

3.   [R]esulting from or allegedly related to the negligent hiring, supervision or training of any employee of the Insured; or

4.   Assault or Battery, whether or not caused by or arising out of negligent, reckless or wanton conduct of the Insured, the Insured's employees, patrons or other persons lawfully or otherwise on, at or near the premises owned or occupied by the Insured, or by any other person.

---

[3] <u>Id.</u> at 98.

For the purposes of this exclusion, Assault and Battery includes, but is not limited to, the use of reasonable force or self-defense by any party, person, insured or employee of any insured.

Furthermore for this Exclusion, **SECTION I - COVERAGES COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, Section 2. **Exclusions**, Paragraph **a. Expected Or Intended Injury** is replaced by the following:

> **a.   Expected Or Intended Injury**
>
> "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured.[4]

On May 11, 2014, Tommy Thurman checked into America's Best Value Inn.  After checking in at the office, Thurman drove his truck around to the parking lot in the area close to his room.  As he exited his vehicle, Thurman was assailed by four men who robbed him and shot him multiple times.  Thurman died at the scene.[5]

On or about May 5, 2016, the Individual Defendants filed the Underlying Lawsuit against Vantage, Sai Darshan, and Patel.[6] Plaintiffs in the Underlying Lawsuit assert claims for negligence, gross negligence, breach of contract, premises liability, violation of the Texas Deceptive Trade Practices Act, and failure to control hotel operations based on the following allegations of fact:

---

[4]<u>Id.</u> at 85-86.

[5]Original Petition, Exhibit B to Original Complaint, Docket Entry No. 1-2, p. 3.  <u>See also</u> Defendant Vantage Hospitality Group, Inc.'s Response to Atain Specialty Insurance Company's Motion for Summary Judgment ("Vantage's Response to Atain's MSJ"), Docket Entry No. 28, p. 9.

[6]Original Petition, Exhibit B to Original Complaint, Docket Entry No. 1-2.

> On May 11, 2014, at approximately 5 a.m., Mr. Thurman
> checked into America's Best Value Inn located at 4515
> Airline Drive, Houston, Texas 77022.  After checking in
> at the office, Mr. Thurman drove his truck around to the
> parking lot in the area close to his hotel room.  As he
> exited his vehicle, he was assailed by four men who began
> shooting at him.  Mr. Thurman was shot multiple times and
> robbed.  He was pronounced dead at the scene.[7]

Plaintiffs in the Underlying Lawsuit also allege that the hotel premises were owned and operated by Sai Darshan and Patel, but that Vantage had entered a membership agreement for the hotel with Sai Darshan and Patel pursuant to which Vantage had a right of control and may be held liable for Sai Darshan and Patel under the theory of principal and agency for its own failure to inspect, supervise, train, or ensure that Sai Darshan and Patel were providing reasonably safe premises for all guests.[8]

On May 24, 2016, Atain filed this action seeking a declaration that coverage for the claims made in the Underlying Lawsuit does not exist under the Policy due to the Assault and Battery Exclusion, and that Atain owes neither a duty to defend nor a duty to indemnify any person or entity in the Underlying Lawsuit (Docket Entry No. 1).  On July 8, 2016, the Individual Defendants (plaintiffs in the Underlying Lawsuit) filed their answer (Docket Entry No. 9); on July 13, 2016, Sai Darshan and Patel filed their answers (Docket Entry Nos. 11 and 12); and on August 5, 2016,

---

[7]Id. at 3 ¶ 9, 5-10 ¶¶ 15-37.

[8]Id. at 3-4 ¶¶ 10-11.

Vantage filed its answer (Docket Entry No. 16). On August 19, 2016, the court signed a stipulation of no coverage as to Sai Darshan d/b/a America's Best Value Inn and Patel, and dismissed those defendants without prejudice (Docket Entry No. 20). On September 6, 2016, Atain filed its motion for summary judgment (Docket Entry No. 25) seeking declaration that it has no duty to defend or indemnify any person or entity on the claims asserted in the Underlying Lawsuit. On October 10, 2016, Vantage filed its motion for partial summary judgment (Docket Entry No. 31) that Atain does have a duty to defend Vantage in the Underlying Lawsuit, and that the issue of whether Atain has a duty to indemnify Vantage is not ripe for determination. None of the individual defendants have filed a response to Atain's MSJ.

## II.  Standard of Review

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(a). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(a) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

-6-

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc), (quoting Celotex, 106 S. Ct. at 2553-2554). Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" Cooley v. Housing Authority of City of Slidell, 747 F.3d 295, 298 (5th Cir. 2014) (quoting Ford Motor Co. v. Texas Department of Transportation, 264 F.3d 493, 498 (5th Cir. 2001)). See also Shaw Constructors v. ICF Kaiser Engineers, Inc., 395 F.3d 533, 538-39 (5th Cir. 2004), cert. denied, 126 S. Ct. 342 (2005) ("Cross-motions must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.").

### III.   Cross Motions for Summary Judgment

Atain argues that it is entitled to summary judgment declaring that it has no duty to defend or indemnify because the Assault and

Battery Exclusion contained in the Policy excludes coverage for all of the claims asserted against all of the defendants named in the Underlying Lawsuit.

Vantage argues that it — not Atain — is entitled to summary judgment on the duty to defend because the Assault and Battery Exclusion is ambiguous and must therefore be construed against the insurer and in favor of the insured, and that Atain is not entitled to summary judgment on the duty to indemnify because that issue is not yet ripe for determination.

Almost four months have passed since Atain filed its motion for summary judgment on September 6, 2016 (Docket Entry No. 25), and three months have passed since responses to Atain's pending motion for summary judgment were due on September 27, 2016, yet none of the Individual Defendants have responded to Atain's motion. Local Rule 7.3 provides that: "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel."   S.D. Tex. R. 7.3 (2000). Local Rule 7.4 provides:

> Failure to respond will be taken as a representation of no opposition.  Responses to motions
>
> A.   Must be filed by the submission day;
>
> B.   Must be written;
>
> C.   Must include or be accompanied by authority; and
>
> D.   Must be accompanied by a separate form order denying the relief sought.

S.D. Tex. R. 7.4 (2000). In accordance with Local Rule 7.4, the court takes the Individual Defendants' failure to respond to Atain's MSJ as a representation of no opposition to Atain's summary judgment evidence. Although a district court may not grant summary judgment by default simply because there is no opposition to the motion, the court may accept as undisputed the movant's version of the facts and grant a motion for summary judgment when the movant has made a <u>prima facie</u> showing of entitlement to summary judgment. <u>See</u> <u>John v. State of Louisiana (Board of Trustees for State Colleges and Universities)</u>, 757 F.2d 698, 708 (5th Cir. 1985) (when the movant's summary judgment evidence establishes its right to judgment as a matter of law, the district court is entitled to grant summary judgment absent unusual circumstances); and <u>Eversley v. MBank Dallas</u>, 843 F.2d 172, 174 (5th Cir. 1988) (when the nonmovant fails to respond to a motion for summary judgment, the court does not err by granting the motion when the movant's submittals make a prima facie showing of entitlement to judgment as a matter of law). Because for the reasons explained below the court concludes that Atain is entitled to judgment as a matter of law that it has no duty either to defend or indemnify any of the defendants named in the Underlying Lawsuit, the court concludes that Atain is entitled to summary judgment against the Individual Defendants as well as Vantage.

-9-

**A.  Principles of Insurance Contract Construction**

In diversity cases federal courts must apply the substantive law of the forum state.  See Erie R.R. Co. v. Tompkins, 58 S. Ct. 817 (1938).  Texas Industries, Inc. v. Factory Mutual Ins. Co., 486 F.3d 844, 846 (5th Cir. 2007) (citing Farrell Construction Co. v. Jefferson Parish, La., 896 F.2d 136, 140 (5th Cir. 1990)).  Texas rules of contract construction require courts to "give effect to all contractual provisions so that none will be rendered meaningless."  Texas Industries, 486 F.3d at 846 (citing American Manufacturers Mutual Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003)).  Unless the policy shows that words are meant in a technical or different sense, words used in the policy are given their ordinary and generally accepted meaning.  See Don's Building Supply, Inc. v. OneBeacon Ins. Co., 267 S.W.3d 20, 23 (Tex. 2008). "'[I]f policy language is worded so that it can be given a definite or certain legal meaning, it is not ambiguous and [courts] construe it as a matter of law.'"  Texas Industries, 486 F.3d at 846.  An ambiguity does not arise simply because the parties offer conflicting interpretations.  Id.  An ambiguity exists only if the contract language is susceptible to two or more reasonable interpretations.  Id.  When an insurance policy can be given multiple reasonable interpretations, "'[i]t is a settled rule that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer.'"  Id. (quoting Kelly Associates, Ltd. v. Aetna Casualty & Surety Co., 681

-10-

S.W.2d 593, 596 (Tex. 1984) (this rule is "'especially so when dealing with exceptions and words of limitation'")).  <u>See also</u> <u>Utica National Insurance Co. of Texas v. American Indemnity Co.</u>, 141 S.W.3d 198, 202 (Tex. 2004) (When faced with more than one reasonable interpretation of a policy exclusion, the court "'must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent.'")).

## B.  Atain's Motion for Summary Judgment

### 1.  <u>Atain Has No Duty to Defend</u>

#### (a)  Applicable Law

An insurer in a liability insurance policy assumes two duties: (1) to defend the insured against covered lawsuits and (2) to indemnify the insured against all covered claims and judgments. <u>D.R. Horton–Texas, Ltd. v. Markel International Insurance Co., Ltd.</u>, 300 S.W.3d 740, 743 (Tex. 2009).  The duties to defend and indemnify are distinct, and one may exist without the other.  <u>Id.</u> See also <u>Colony Ins. Co. v. Peachtree Construction, Ltd.</u>, 647 F.3d 248, 253–54 (5th Cir. 2011).  Insurers have a duty to defend their policyholders in actions that assert claims potentially covered by the insurance policy. <u>Gulf States Insurance Co. v. Alamo Carriage Service</u>, 22 F.3d 88, 90 (5th Cir. 1994); <u>Fidelity & Guaranty Insurance Underwriters, Inc. v. McManus</u>, 633 S.W.2d 787, 788 (Tex. 1982).  Texas follows the "eight-corners rule" under which an

insurer's duty to defend is determined by the underlying pleadings,
considered in light of the policy provisions without regard to the
truth or falsity of those allegations.  See GuideOne Elite Ins. Co.
v. Fielder Road Baptist Church, 197 S.W.3d 305, 308 (Tex. 2006).
Facts outside the pleadings, even those easily ascertained, are
ordinarily not material to the determination, and allegations
against the insured are liberally construed in favor of coverage.
Id.  "If a petition does not allege facts within the scope of
coverage, an insurer is not legally required to defend a suit
against its insured." American Physicians Ins. Exchange v. Garcia,
876 S.W.2d 842, 848 (Tex. 1994).  But if the four corners of a
petition allege facts stating a cause of action that potentially
falls within the four corners of the policy's scope of coverage,
the insurer has a duty to defend.  Northfield Ins. Co. v. Loving
Home Care, Inc., 363 F.3d 523, 528 (5th Cir. 2004).  The insured
bears the initial burden of establishing that a claim against it is
potentially within the policy's coverage.  Id.  If the insured
meets this burden, the burden shifts to the insurer to establish
that the plain language of a policy exclusion allows the insurer to
avoid coverage of all claims.  Id.  Doubts regarding the duty to
defend are resolved in favor of the duty.  Id.

    (b)  Analysis

    Atain does not dispute that the claims asserted in the
Underlying Lawsuit are potentially within the Policy's coverage,

-12-

but argues that under the plain language of the Assault and Battery Exclusion it has no duty to defend because "all of the claims made . . . in the Underlying Lawsuit arise out of . . . assault and battery by shooting . . . Stated differently, because the claims of Underlying Plaintiffs against any party would not exist but for the shooting, coverage does not exist."[9]   Citing <u>Tarrant County Ice Sports, Inc. v. Equitable General Life Ins. Co. of Oklahoma</u>, 662 S.W.2d 129, 131 (Tex. App. — Fort Worth 1983); <u>Garrison v. Fielding Reinsurance, Inc.</u>, 765 S.W.2d 536, 537 (Tex. App. — Dallas 1989, writ denied), and many other cases, Atain argues that

> for more than three decades, courts in Texas have consistently applied the Assault and Battery Exclusion not only to direct claims of assault and battery, but also to claims of negligent hiring, supervision, and training, as well as other interdependent claims of negligence.
>
> In the Underlying Lawsuit case regarding the death of Tommy Thurman, "but for" the assault and battery and murder committed by the gunmen against Thurman, none of the other claims would exist.   As a result, the substantial weight of cases from Texas confirms a lack of coverage based on the Assault and Battery Exclusion, and no duty to defend as a matter of law.[10]

Vantage does not dispute that the claims asserted in the Underlying Lawsuit arise from the assault and battery of Thurman, but argues that the Assault and Battery Exclusion does not exclude coverage for the claims because the exclusion is ambiguous. Vantage argues that

---

[9]Atain's MSJ, Docket Entry No. 25, p. 12 ¶ 14.

[10]<u>Id.</u> at 27 ¶¶ 63-64.

-13-

the structure of Atain's policy language calls for application of the doctrine of *ejusdem generis*. Under this doctrine, Atain's interpretation of the exclusion is revealed to be improperly expansive. Furthermore, in light of this doctrine, application of the exclusion to Vantage would improperly contravene the policy's Separation of Insureds clause and ignore the legal distinctions between Vantage and its co-Defendants in the Underlying Lawsuit.[11]

Atain replies that the Assault and Battery Exclusion is not ambiguous, that the doctrine of <u>ejusdem generis</u> is not applicable, and that the doctrine of <u>ejusdem generis</u> cannot be used to create ambiguity in the Assault and Battery Exclusion.[12]

### (1)   The Assault and Battery Exclusion Is Not Ambiguous

Vantage argues that the Assault and Battery Exclusion is ambiguous because

> [o]n its face, [the] Assault and Battery exclusion is subject to more than one reasonable interpretation. The exclusion appears in almost all respects to be aimed at excluding damages arising out of the conduct of *the insured or someone within the insured's control*. For example, Section 3 specifically excludes damages resulting from negligent hiring, supervision, or training of the insured's employees. Likewise, Section 4 refers to the conduct of the insured and its employees, patrons,

---

[11]Vantage's Response to Atain's MSJ, Docket Entry No. 28, p. 7. <u>See also</u> Vantage's MPSJ, Docket Entry No. 31, p. 7.

[12]Atain Specialty Insurance Company's Reply to Vantage Hospitality Group, Inc.'s Response to Atain Specialty Insurance Company's Motion for Summary Judgment ("Atain's Reply"), Docket Entry No. 30.   <u>See also</u> Atain Specialty Insurance Company's Response to Vantage Hospitality Group, Inc.'s Motion for Partial Summary Judgment ("Atain's Response to Vantage's MPSJ"), Docket Entry No. 32, pp. 2-4 ¶¶ 2-7, and 8-9 ¶¶ 11-13; Atain Specialty Insurance Company's Sur-Reply to Vantage Hospitality Group, Inc.'s Reply Regarding Motion for Partial Summary Judgment ("Atain's Sur-Reply to Vantage's MPSJ"), Docket Entry No. 34.

permissive users of the insured's premises.  Section 1 refers to the conduct of the insured and its employees. Notably, this focus on conduct within the insured's control is clearly in harmony with the only other exclusion included in Section IX, immediately following the Assault and Battery exclusion which precludes coverage for damage "expected or intended *from the standpoint of the insured*."  (ATAIN 0086) (emphasis added).

Thus, a reading of Section IX would indicate to a reasonable insured that Atain seeks to preclude coverage for conduct or activities over which the insured has some control.  This interpretation is also reasonable in light of the basic assumption that a party only insures against liability to which it might actually have some exposure. In other words, it would not be reasonable to interpret a policy as insuring against (or, in this case, excluding) non-existent risks, because no reasonable insured would contract and pay for such useless coverage. In this case, the policy insures against the insured's potential liability for certain property damage and bodily injury.  The Defendants in this case need not have insured (and thus, Atain need not have excluded) against liability for the actions over which they have absolutely no control, because they would have no expectation of exposure to such liability — thus, they need not have insured against assault and battery by "any other person" in the broad sense proffered by Atain.

But nonetheless, as evidenced by the parties' divergent viewpoints, Section 1 (and by connection, Section 2) and Section 4 of the Assault and Battery exclusion introduce ambiguity to the exclusion by including the phrase "any other person."  (ATAIN 0085) (emphasis added).  From Atain's perspective, this phrase must be read broadly as applying to the conduct of any person, whether or not in the insured's control.  First, such a broad construction would transgress the basic tenet of policy interpretation requiring narrow interpretation of exclusionary language.  More importantly, even were this court to find this interpretation reasonable, it is not the *only* reasonable interpretation, as explained above.  In this situation, the Court is required to apply the rules of contract construction.[13]

---

[13]Vantage's Response to Atain's MSJ, Docket Entry No. 28, pp. 14-16.  <u>See also</u> Vantage's MPSJ, Docket Entry No. 31, pp. 7-8
(continued...)

Vantage's argument that the Assault and Battery Exclusion is ambiguous rests on removing or ignoring phrases referring to "any other person" in § 1, "any person" in § 2, and "other persons" in § 4 of the exclusion.  For example, Vantage argues that "[§] 1, and by connection [§] 2, refers to the conduct of the insured and its employees,"[14] but fails to mention that § 1 actually refers to the conduct of "any Insured, any employee of any Insured[,] or any other person,"[15] and that § 2 actually refers to the conduct of "any person in 1[,] above,"[16] thus referencing the "any other person" language in § 1.  Vantage argues that § 4 refers to the conduct of the insured and its employees and patrons, i.e., permissive users of the insured's premises,[17] but fails to mention that § 4 also

_____

[13](...continued)
("The Assault and Battery exclusion is susceptible to more than one reasonable interpretation.  Namely, the exclusion appears in all respects to apply only to conduct over which the insured has some control.  However, Atain seeks an interpretation of the exclusion that would negate coverage for the conduct of 'any other person,' in a vacuum; that is, conduct over which Vantage has no control.  Notably, this interpretation requires the nonsensical assumption that Atain excluded coverage for an impossible risk — that Vantage would be liable for the conduct of persons over whom Vantage has no control.").

[14]Vantage's Response to Atain's MSJ, Docket Entry No. 28, p. 15.  See also Vantage's MPSJ, Docket Entry No. 31, p. 8.

[15]The Policy, Exhibit A to Original Complaint, Docket Entry No. 1-1, p. 85.

[16]Id.

[17]Vantage's Response to Atain's MSJ, Docket Entry No. 28, p. 15.  See also Vantage's MPSJ, Docket Entry No. 31, p. 8.

-16-

refers to the conduct of "other persons lawfully or otherwise on, at or near the premises owned or occupied by the Insured."[18]

Courts are required to read all parts of an insurance policy together and exercise caution not to isolate particular sections or provisions from the policy as a whole.  <u>Texas Industries</u>, 486 F.3d at 846.  Courts are also required to avoid construing a policy to render any portion of it meaningless.  See <u>U.S. Metals, Inc. v. Liberty Mutual Group, Inc.</u>, 490 S.W.3d 20, 23-24 (Tex. 2016) ("An interpretation that gives each word meaning is preferable to one that renders one surplusage.").  <u>See also</u> <u>Liberty Mutual Insurance Co. v. American Employers Insurance Co.</u>, 556 S.W.2d 242, 245 (Tex. 1977) ("An interpretation that gives a reasonable meaning to all provisions is preferable to one that leaves a portion of the policy useless, inexplicable, or creates surplusage.").

The construction of the Assault and Battery Exclusion urged by Vantage "is unreasonable because it effectively works an Amelia Earhart disappearing act on the offending phrase."  <u>Ideal Mutual Insurance Co. v. Last Days Evangelical Association, Inc.</u>, 783 F.2d 1234, 1238 (5th Cir. 1986).  This interpretation is not reasonable because it fails to give any effect at all to the phrases "any other person" found in § 1, "any person" found in § 2, and "other persons" found in § 4.  "A reasonable construction is one that gives meaning to the disputed language in the context of the

_____

[18]The Policy, Exhibit A to Original Complaint, Docket Entry No. 1-1, p. 85.

-17-

writing, not one that strips the language of meaning altogether." Id. Since an ambiguity only exists if the contract language is susceptible to two or more reasonable interpretations, Texas Industries, 486 F.3d at 846, and since the court does not find Vantage's interpretation of the Assault and Battery Exclusion reasonable, the court concludes that the Assault and Battery Exclusion is not ambiguous.  The court's conclusion that the Assault and Battery Exclusion is not ambiguous is corroborated by the fact that Vantage has not cited and the court has not found any authority holding that the phrases "any other person," "any person," or "other persons" are ambiguous when used in an assault and battery exclusion, or that use of such phrases in a similar context has ever been held to be limited to persons within an insured's control.  Moreover, Atain has cited several cases in which Texas courts have held that language identical or nearly identical to that found in the exclusion at issue here was not ambiguous and precluded coverage for claims arising from bodily injury suffered by an insured's patron from battery by unidentified assailants on an insured's property.[19]  For example, in Markel International Insurance Co. Ltd. v. A-Mart, Civil Action No. H-07-1001, 2007 WL 3231430, *2 (S.D. Tex. October 30, 2007), the court held that the following policy language unambiguously excluded

---

[19]Atain's MSJ, Docket Entry No. 25, pp. 17-28 ¶¶ 28-66; Atain's Reply, Docket Entry No. 30, pp. 8-11 ¶¶ 7-9; Atain's Response to Vantage's MPSJ, Docket Entry No. 32, pp. 4-7 ¶¶ 7-9; Atain's Sur-Reply to Vantage's MPSJ, Docket Entry No. 34, pp. 2-4 ¶¶ 2-3.

coverage for claims arising from the shooting death of an invitee to the insured's store:  "The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured or Insured's employees, patrons, or any other person.  Nor does this insurance apply with respect to any cha[r]ges or allegations of negligent hiring, training, placement or supervision."

In Tarrant County Ice Sports, 662 S.W.2d at 131, the underlying lawsuit involved negligence claims asserted against an insured ice hockey team following an assault on several patrons that occurred on the team's property.  The insurance company filed a declaratory judgment suit, arguing that it had no duty to defend or indemnify the insured team.  The insurance policy at issue provided that "bodily injuries or death alleged to have been caused by ASSAULT AND/OR BATTERY shall not be deemed an accident or occurrence under this Policy" and that coverage is not provided for such injuries or deaths.  Id. at 130–32.  Like Vantage here, the plaintiffs in the Underlying Lawsuit argued that the exclusion applied only to acts of the insured and its employees, and not to the acts of third parties.  The court rejected that argument and concluded that the victim's injuries were not covered under the policy.  Id. at 132 ("[I]n plain, simple language, the endorsement

. . . *excludes* coverage for bodily injuries or death alleged to have been caused by assault and/or battery *by anyone*.").

In Garrison, 765 S.W.2d at 536, a patron of a restaurant was shot by an unknown assailant in the parking lot outside the restaurant.  The victim's wife brought suit against the restaurant, and the restaurant in turn sued the insurance company seeking reimbursement for any liability it incurred.  Id. at 537.  The insurer filed suit seeking declaratory judgment that it had no duty to defend or indemnify the restaurant because the claims asserted in the underlying action all fell within the policy's assault and/or battery exclusion.  Id.  The exclusion at issue in Garrison provided that "this policy excludes claims arising out of assault and battery, whether caused by or at the direction of, the insured, his/her employee, patrons or any cause whatsoever."  Id.  The restaurant claimed that the exclusion did not apply because the claims asserted in the underlying lawsuit were all based on negligence not assault or battery.  Id.  Citing Tarrant County Ice Sports, 662 S.W.2d at 131, and recognizing that "the exclusionary language of the policy before us differs from the language before our sister court," id. at 538, the court concluded that the exclusion applied to preclude the claims at issue from falling within the scope of the policy because,

> [t]he [plaintiffs in the underlying case] would never
> have brought a lawsuit against [the restaurant] absent
> the assault and battery committed by the unknown
> assailant.   The endorsement in the insurance policy

excludes claims arising out of assault and battery
regardless of the cause.

Id.

Asserting that "[e]xclusions and words of limitation in an
insurance policy must be narrowly construed,"[20] Vantage argues that
Markel, 2007 WL 3231430; Tarrant County Ice Sports, 662 S.W.2d at
129; Garrison, 765 S.W.2d at 536; and other cases cited by Atain
are distinguishable either because the facts of those cases do not
invoke the "any other person" language at issue here or because the
policy language differs since the exclusions in those cases hinge
on causation of the assault and battery, while the Policy exclusion
at issue here hinges on who committed the assault and battery.[21]
But Vantage has not cited any case in which a court found coverage
under similar circumstances, and Vantage's reasons for distin-
guishing these decisions are not convincing.  Like the exclusions
at issue in Markel, 2007 WL 3231430; Tarrant County Ice Sports, 662
S.W.2d at 129; and Garrison, 765 S.W.2d at 536, the Assault and
Battery Exclusion at issue here excludes from coverage bodily
injury arising out of "[a]ssault or [b]attery, whether or not
caused by or arising out of negligent, reckless or wanton conduct
of the Insured, the Insured's employees, patrons or other persons

---

[20]Defendant Vantage Hospitality Group, Inc.'s Reply to
Plaintiff Atain Specialty Insurance Company's Response to Vantage's
Partial Motion for Summary Judgment on Plaintiff's Duty to Defend
("Vantage's Reply in Support of MPSJ"), Docket Entry No. 33, p. 6
¶ 4.

[21]Id. at 1-5 ¶¶ 1-3.

lawfully or otherwise on, at or near the premises owned or occupied by the Insured, or by any other person."[22]  Accordingly, as in Garrison where the court recognized that the exclusionary language of the policy before it differed from the language before its sister courts, the court concludes that "this is a difference without distinction."  765 F.2d at 538.

The facts alleged in the Underlying Lawsuit are nearly identical to those at issue in Garrison.  Thurman, like the victim in Garrison, was shot to death by unidentified assailants in the parking lot outside the insureds' establishment.  As in Garrison, the claims asserted in the Underlying Lawsuit involve negligence and failure to warn arising out of the patron's shooting death.  See id. at 537.  Although the precise language of the assault and/or battery exclusion in Garrison differs from the exclusion at issue here, both exclude coverage for claims arising out of assault or battery regardless of who perpetrated the assault or battery.  See Garrison, 765 S.W.2d at 537-38.  Just as none of the claims in the underlying lawsuit in Garrison would have been brought absent the shooting death, none of the claims in the lawsuit underlying this action would have been brought absent Thurman's shooting in the parking lot of the America's Best Value Inn.  See Garrison, 765 S.W.2d at 538.  Accordingly, the court concludes that the Assault and Battery Exclusion in the Policy is not ambiguous, applies to

---

[22]The Policy, Exhibit A to Original Complaint, Docket Entry No. 1-1, p. 85.

remove from coverage all claims asserted in the Underlying Lawsuit, and precludes Atain's duty to defend against any of those claims.

        **(2)   The Rule of <u>Ejusdem Generis</u> Does Not Apply**

    Citing the rule of <u>ejusdem generis</u> — a maxim of contract interpretation meaning "of the same kind or class," <u>Black's Law Dictionary</u> 594 (9th ed. 2009) — Vantage argues that this rule can be applied to clarify potential ambiguities, that under this rule §§ 1, 2, and 3 of the Assault and Battery Exclusion do not preclude coverage, and that when read under this rule and the Separation of Insureds Clause, §§ 2, 3, and 4 of the Assault and Battery Exclusion do not preclude coverage.[23]   Atain argues that the rule of <u>ejusdem generis</u> does not apply in this case.[24]

    The doctrine of <u>ejusdem generis</u> is a rule of construction providing that "when words of a general nature are used in connection with the designation of particular objects or classes of persons or things, the meaning of the general words will be restricted to the particular designation."   <u>Hilco Electric Cooperative v. Midlothian Butane Gas Co., Inc.</u>, 111 S.W.3d 75, 81 (Tex. 2003) (citing <u>Carr v. Rogers</u>, 383 S.W.2d 383, 387 (Tex. 1964), and <u>Cleveland v. United States</u>, 67 S. Ct. 13 (1946) ("'Under the *ejusdem generis* rule of construction, the general words are

---

[23]Vantage's Response to Atain's MSJ, Docket Entry No. 28, pp. 17-19.   <u>See also</u> Vantage's MPSJ, Docket Entry No. 31, p. 8.

[24]Atain's Reply, Docket Entry No. 30, p. 6 ¶ 2.

confined to the class and may not be used to enlarge it.'"")). But "[t]he doctrine of *ejusdem generis* applies only when the contract is ambiguous." Hussong v. Schwan's Sales Enterprises, Inc., 896 S.W.2d 320, 325 (Tex. App. — Houston [1st Dist.] 1995, no writ). The rule of ejusdem generis does not apply to contract construction when, as in this case, the contract is not ambiguous. Id. Because the court has already concluded that the Assault and Battery Exclusion is not ambiguous, the doctrine of ejusdem generis does not apply.

>   2.   Atain Has No Duty to Indemnify

>      (a)  Applicable Law

"In liability insurance policies generally, an insurer assumes both the duty to indemnify the insured, that is, to pay all covered claims and judgments against an insured, and the duty to defend." Horton-Texas, 300 S.W.3d at 743. Under Texas law the duty to defend and the duty to indemnify "are distinct and separate duties." Utica National Insurance, 141 S.W.3d at 203. While analysis of the duty to defend is strictly limited by the eight-corners doctrine, the "facts actually established in the underlying suit control the duty to indemnify." Pine Oak Builders, Inc. v. Great American Lloyds Insurance Co., 279 S.W.3d 650, 656 (Tex. 2009). Thus the duty-to-indemnify is generally not justiciable until the underlying suit is concluded, unless "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." Northfield Insurance,

363 F.3d at 529 (quoting <u>Farmers Texas County Mutual Insurance Co.</u>
<u>v. Griffin</u>, 955 S.W.2d 81, 84 (Tex. 1997)).   Texas courts have
regularly held that if an assault and battery exclusion precludes
the duty to defend, there is also no duty to indemnify.   <u>See</u>
<u>American Western Home Insurance Co. v. Israel</u>, 747 F. Supp. 2d 785,
793 (S.D. Tex. 2010) (citing <u>Century Surety Co. v. Glen Willows,</u>
<u>Inc.</u>, 924 F. Supp. 76, 77 (S.D. Tex.), <u>aff'd</u>, 100 F.3d 952 (5th
Cir. 1996)).   <u>See also</u> <u>Tarrant County Ice Sports</u>, 662 S.W.2d at 129
(holding that assault and battery exclusion precluded duty to
defend or indemnify claims arising out of an assault on patrons of
an insured hockey team).

> (b)   Analysis

Atain argues that it has no duty to indemnify Vantage or any
other defendant named in the Underlying Lawsuit because the Assault
and Battery Exclusion that negates the duty to defend also negates
any possibility that Atain will have a duty to indemnify.   For
support, Atain cites to <u>Nautilus Insurance Co. v. Country Oaks</u>
<u>Apartments Ltd.</u>, 566 F.3d 452, 458 (5th Cir. 2009), and <u>Griffin</u>,
955 S.W.2d at 84 ("We now hold that the duty to indemnify is
justiciable before the insured's liability is determined in the
liability lawsuit when the insurer has no duty to defend *and the*
*same reasons that negate the duty to defend likewise negate any*
*possibility the insurer will ever have a duty to indemnify*.").[25]

---

[25]Atain's MSJ, Docket Entry No. 25, pp. 27-28 ¶¶ 65-66; Atain's
Reply, Docket Entry No. 30, p. 17 ¶ 26.

In *Griffin* an automobile liability insurance company sought a declaratory judgment that it had no duty to defend or indemnify the driver of a vehicle involved in a drive-by shooting. *Griffin*, 955 S.W.2d at 82. The relevant policy limited coverage to injury and property damage resulting from an auto accident. *Id.* The court found that the term "auto accident" referred only to situations in which one or more vehicles are involved with another vehicle, person, or object, and therefore did not include drive-by shootings. *Id.* at 83. The court therefore held that the claims fell outside the policy's coverage and that the insurer had no duty to defend. *Id.* The court also concluded that because the plaintiff in the underlying action could never plead facts that would transform the drive-by shooting into an auto accident, the insurer had no duty to indemnify. *Id.* at 84 ("*[T]he same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*").

For the reasons stated in § III.B.1, above, the court has concluded that pursuant to the Assault and Battery Exclusion contained in the Policy, Atain has no duty to defend the claims asserted in the Underlying Lawsuit because those claims are not covered by the Policy. Because like the plaintiff in the underlying action in *Griffin*, the plaintiffs in the Underlying Lawsuit here can never plead facts that do not arise out of the May 11, 2014, shooting death of Thurman which constitutes a

-26-

battery, <u>see Garrison</u>, 765 S.W.2d at 537, the court concludes that there is no possibility that Atain will ever have a duty to indemnify the defendants in the Underlying Lawsuit for the claims asserted there. <u>See Israel</u>, 747 F. Supp. 2d at 787; <u>Century Surety Co.</u>, 924 F. Supp. at 77; <u>Tarrant County Ice Sports</u>, 662 S.W.2d at 129. Accordingly, the court concludes that Atain is entitled to judgment as a matter of law that it has no duty to indemnify any of the defendants.

## C. Vantage's Motion for Partial Summary Judgment

Because for the reasons stated in § III.B, above, the court has concluded that Atain is entitled to summary judgment that it has no duty to defend or to indemnify any of the defendants named in the Underlying Lawsuit for any of the claims asserted therein, Vantage's MPSJ that Atain has a duty to defend it in the Underlying Lawsuit is moot.

## IV. <u>Conclusions and Order</u>

For the reasons explained in § III, above, the court concludes that the Assault and Battery Exclusion bars coverage for the claims asserted in the Underlying Lawsuit, that Atain has no duty to defend or to indemnify the defendants named in the Underlying Lawsuit, and that Atain is entitled to judgment as a matter of law declaring that it has no duty to defend or indemnify any of the defendants named in the Underlying Lawsuit. Accordingly, Atain

Specialty Insurance Company's Motion for Summary Judgment (Docket Entry No. 25) is **GRANTED**, and Defendant Vantage Hospitality Group, Inc.'s Partial Motion for Summary Judgment on Plaintiff's Duty to Defend (Docket Entry No. 31) is **DENIED AS MOOT**.

 **SIGNED** at Houston, Texas, this 29th day of December, 2016.

            _____

               SIM LAKE
          UNITED STATES DISTRICT JUDGE